UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENA LATIF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: |
| | ) |
| FCA US LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.   NATURE OF COMPLAINT

1. Plaintiff, Jena Latif, (hereinafter "Latif"), by counsel, brings this action against FCA US LLC (hereinafter "Defendant"), alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et. seq.*, Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et. seq.*, and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

### II.   PARTIES

2. Latif is a resident of Howard County in the State of Indiana, who at all relevant times resided within the geographic boundaries of the Southern District of Indiana.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

### III.   JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this

litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. §12117; and 42 U.S.C. § 2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A) and 42 U.S.C. §2000e(b).

6. Latif, at all times relevant, was an "employee" as that term is defined by 42 U.S.C. §12111(4) and 42 U.S.C. §2000e(f).

7. Latif has a "disability" as that term is defined by 42 U.S.C. §12102(2).

8. Latif is a "qualified individual with a disability" as defined by 42 U.S.C. §12111(8) and/or Defendant knew of Latif's disability and/or regarded Latif as being disabled and/or Latif has a record of being disabled.

9. Latif satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") against, EEOC Charge No. 470-2016-00616. Latif received the required Notice of Right to Sue and brings this original action within ninety (90) days of her receipt thereof.

10. A substantial part of the events, transactions and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

11. Defendant hired Latif, an African American female, on or about June 19, 1995, at its Indiana Transmission Plant.

12. Latif was promoted to a Team Leader position in or about 2010.

13. At all relevant times, Latif met or exceeded Defendant's legitimate performance expectations.

14. In or about August of 2014, Latif reported to Defendant's Human Resources Department and John Rakestraw, Department Head, that her Supervisor, Zack McDowell, had been harassing her and discriminating against her on the basis of her race and sex. For example, she was disciplined for having an unclean office, though the office had been used by multiple Team Leaders each day. Similarly situated Caucasian and male Team Leaders were not disciplined for the unclean office.

15. Latif began suffering from extreme stress, anxiety, and elevated blood pressure, and subsequently went on leave for her condition.

16. In or about October of 2014, Rakestraw issued a letter to the Human Resources Department, in which he requested that Latif be removed from her Team Leader position.

17. In or about March of 2015, Latif received her annual evaluation from her Supervisor at the time, Rick Sanders. Before giving Latif the evaluation, Sanders told Latif that she met his performance expectations, but Rakestraw completed a portion of the evaluation, and she therefore would receive a negative evaluation.

18. In mid-April of 2015, Latif was asked to conduct a safety board presentation. During the meeting, she was yelled at by Bill Hannah, Safety Representative. Similarly situated Team Leaders are not similarly disciplined.

19. On or about April 20, 2015, Sanders explained to Latif that she would be removed from her Team Leader position. She asked him why she would be removed and he stated "because of the safety board."

20. Latif met with Lawrence Wilson, Human Resources Supervisor, Lisa Rink, Team Leader Selection Committee Member, and Steve Brooks, Fill-In Union Committeeman. During that meeting, she was demoted to Receiving Clerk.

21. Latif requested to meet with Kerry Barrett, Civil Rights Representative, and asked why she had been removed from the Team Leader position. Barrett was unable to give her an answer. She then spoke with Jerry Price, Union Vice President, who informed her that she would need to contact Carl Greenwood, a Union President, to find out why she had been removed.

22. Latif briefly spoke with Greenwood, and asked to meet with him and Barrett and Kurt Kraner, Union Steward, but Greenwood never contacted or met with Latif.

23. On or about September 18, 2015, Latif filed an EEOC Charge (No. 470-2015-02974), in which she alleged discrimination on the basis of her race and sex, and retaliation.

24. Latif emailed Wright, requesting that he draft a grievance on her behalf on or about October 21, 2015. Wright did not draft a grievance.

25. On or about October 28, 2015, Latif received a write-up and was suspended for one day for not sending a driver to the correct dock. Mark Matthews, a male co-worker, had been responsible for informing the driver, but was not disciplined.

26. On November 12, 2015, Latif received a write-up for not verifying paperwork and was to be suspended for three days.

27. Latif filed a grievance for the write-up, and was not suspended, though the write-up remains in her file.

28. Similarly situated individuals, such as Matthews, were not disciplined for not verifying paperwork.

## V. CAUSES OF ACTION

### COUNT I: ADA- DISABILITY DISCRIMINATION

29. Latif hereby incorporates by reference paragraphs one (1) through twenty-eight (28) as if the same were set forth at length herein.

30. Defendant violated Latif's rights as protected by the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq*. by subjecting her to disparate treatment because of her actual or perceived disability.

31. Defendant's actions were intentional, willful and in reckless disregard of Latif's rights as protected by the ADA.

32. Latif has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II: RACE DISCRIMINATION

33. Latif hereby incorporates paragraphs one (1) through thirty-two (32) of her Complaint.

34. Defendant discriminated against Latif on the basis of her race.

35. Defendant's actions were intentional, willful and in reckless disregard of Latif's rights as protected by Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

36. Latif suffered damages as a result of Defendant's unlawful actions.

### COUNT III: GENDER DISCRIMINATION

37. Latif hereby incorporates paragraphs one (1) through thirty-six (36) of her Complaint.

38. Defendant subjected Latif to less favorable terms and conditions of her employment due to her gender, including, but not limited to, the termination of her employment.

39. Defendant's actions were intentional, willful and in reckless disregard of Latif's rights as protected by Title VII of the Civil Rights Act of 1964.

40. Latif suffered damages as a result of Defendant's unlawful actions.

### COUNT IV: RETALIATION

41. Latif hereby incorporates paragraphs one (1) through forty (40) of her Complaint.

42. Latif engaged in a protected activity when she complained internally of discrimination and harassment and later filed a Charge of Discrimination with the EEOC.

43. Defendant retaliated against Latif for engaging in protected activity by demoting her and issuing her unwarranted discipline.

44. Defendant's actions were intentional, willful and taken in reckless disregard of Latif's legal rights.

45. Defendant's actions violated the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

46. Latif suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Latif, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Latif to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; or award her front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages for Defendant's violations of the ADA, Title VII, and 42 U.S.C. § 1981;

5. Punitive damages for violations of the ADA, Title VII, and 42 U.S.C. § 1981;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych III

Andrew Dutkanych III, Atty. No. 23551-49
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

*Attorneys for Plaintiff, Jena Latif*

## DEMAND FOR JURY TRIAL

Plaintiff, Jena Latif, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych III

Andrew Dutkanych III, Atty. No. 23551-49
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

*Attorneys for Plaintiff, Jena Latif*